**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **ROGER WATTLES,** )<br>       **Plaintiff,** )<br>**v.** )<br>)<br>**COMMISSIONER OF SOCIAL** )<br>**SECURITY, sued as Michael J. Astrue,** )<br>**Commissioner of Social Security,** )<br>)<br>       **Defendant.** ) | Case No. 10-2108 |

# ORDER

  Plaintiff Roger Wattles began his quest for Social Security benefits in September 2000. His first unsuccessful effort resulted in a trip to this Court in 2004. (Case No. 04-2030). Plaintiff succeeded in obtaining an order for remand. In addition, Senior U.S. District Judge Harold A. Baker awarded attorney fees under the Equal Access to Justice Act (herein after "EAJA") in the sum of $5,624.56. The claim was denied upon remand, resulting in Plaintiff's return to this Court for the instant case. Prior to the filing of motions for summary judgment, the parties settled the case by stipulating that the claim should be remanded. In addition, EAJA fees were agreed to. Upon that remand, benefits were awarded.

  Now before the Court is the Motion for Approval of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (#18), in which Plaintiff, through his attorney,[1] seeks court approval for payment of fees pursuant to a written contract between Plaintiff and counsel. The Commissioner has filed Defendant's Response to Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (#20).

  Plaintiff and Attorney Traver entered into a written contract regarding fees on May 14, 2010. A copy of the contract is attached as "Exhibit 2" to the Brief in support of the

---

  [1]Plaintiff has been represented in both district court proceedings by Attorney David F. Traver.

motion (#19-2).  According to that contract, Plaintiff agreed that, "David F. Traver will charge and receive as his fee an amount equal 25% of the past-due benefits, which are awarded to my family and me if my case is won.  If I do not receive past-due benefits, the fee I would have to pay would be 0, because 25% of nothing is nothing." (#19-2).

In awarding benefits, the Commissioner determined that Plaintiff was entitled to $185,822 in past-due benefits.  If the Court were to apply the agreed upon percentage, a fee of $45,455.50 would result.  However, Attorney Traver has reduced that figure by the amount of EAJA fees awarded in this case and its predecessor, resulting in a difference of $39,470.94.  Attorney Traver has made a voluntary reduction of $19,470.94, such that the attorney fee sought is actually $20,000.

Plaintiff has given specific written approval in the form of a letter dated August 2, 2011, (#19-4) in which he stated, "I truly believe he (referring to Attorney Traver) has earned the fee of $20,000 that he is asking for."  Defendant, on the other hand, as he is entitled to do, has filed written opposition in which he argues that the fee requested is not reasonable and would amount to a windfall to Attorney Traver.[2]

Defendant's right to challenge the fee request is well established and not contested here.  In bringing the challenge, Defendant focuses exclusively on the hourly rate that would be achieved if one divided the fee claimed by the hours involved in representation of Plaintiff in this case.[3]  The Commissioner has calculated the hourly rate achieved through this procedure would fall between $2,500 and $3,125, depending upon which hours are properly attributed to the work done here.  The Commissioner cites *McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989) but

---

[2] Defendant additionally argued that the fee petition should be dismissed on the grounds that Plaintiff's attorney did not provide his non-contingent hourly rate to assist the Court in evaluating the fee claimed.  The Court rejected that contention during oral argument and will not address it further.

[3] According to the brief (#19) filed in support of the motion, Attorney Traver will not file a motion for approval of fees in Case No. 04-2030.

does not undertake the analysis modeled by that case.  The Commissioner simply and persistently argues that the hourly rate equivalent of the fee sought is just too high.  This Court concludes that the approach taken by the Commissioner is an over simplification and fails to follow established precedent.

The Seventh Circuit has rejected this so called "lodestar" method as the sole basis for evaluating a fee where a contingent fee agreement is in effect.  In *McGuire*, the Court stated, "If courts regularly invalidated reasonable contingency agreements in favor of a lodestar fee, then attorneys would no longer enter into such agreements.  Without the greater incentive for attorneys to take these cases stemming from the potential of an enhanced fee payment, claimants who have difficult cases and who cannot afford to guarantee payment might not be able to secure representation."  *McGuire*, 873 F.2d at 980.  The Court went on to state, "We follow the *McKittrick* court's reasoning that simply determining a reasonable hourly rate is inappropriate when an attorney is working pursuant to a reasonable contingency contract.  A court may award a fee up to that provided in the contract, so long as the court has reviewed its reasonableness."  *Id*., (citing *McKittrick v. Gardner*, 378 F.2d 872, 875-76 (4th Cir. 1967)).

In determining the reasonableness of the fee, the court must consider multiple factors, including what are commonly referred to as the *Blankenship* factors, including but not limited to: time and labor required; skill required; contingency of fee; amount involved and result attained; experience, reputation, and ability of attorney; and awards in similar cases.  *Blankenship v. Schweiker*, 676 F.2d 116, 117-18 (4th Cir. 1982).

Here, the parties did enter into a contingent fee arrangement.  The 25 percent contingent fee is consistent with 42 U.S.C. § 406.  In the contract itself, Plaintiff declared:

> I have shopped for the best available attorney at the lowest reasonable fee and understand that I am able to ask the Appeals Council for an extension of time to begin my action in District Court to give me more time to shop. I have carefully considered all of my options and I wish to retain David F. Traver.
>
> I understand David F. Traver undertakes this case for the purpose of making the highest reasonable fee. I agree to assist in every way to obtain payment of that fee, even if it amounts to hundreds or thousands of dollars per hour.

(#19-2).

It is clear from the statute and case law that contingent fee arrangements are proper and the resulting fees will be approved as long as they are reasonable.

As the Commissioner has so forcefully pointed out, the amount of time invested by Attorney Traver in the instant case to achieve the stipulation for remand is minimal. Consequently, the Court has given this fee request a heightened level of scrutiny.

According to the record, Attorney Traver devotes 100 percent of his practice to the area of Social Security disability. He has done so since 1992 and has handled some 300 cases in United States district courts. He has taught other lawyers and is the author of a handbook for Social Security disability advocates.

The result achieved is significant as previously noted. Mr. Wattles pursued his claim for a decade. His perseverance and able advocacy provided by Attorney Traver resulted in an award of benefits that not only address the future, but also included a substantial sum for past due benefits. The result was not only significant in terms of the dollar value but was particularly noteworthy in terms of the prolonged and tenacious resistance of the Commissioner. As noted by Mr. Wattles in his letter of August 2, 2011, "When my case went back to District Court, there was very little time to prepare. So I contacted David again. He seemed hesitant and not at all confident that I would win, but he accepted the challenge." (#19-4). Clearly, Mr. Wattles

assessed the risk based on his personal experience in the matter. In addition, his statement reflects his belief in the skill of his attorney at the time of the engagement for services.

If one focuses on the fact that the parties stipulated to a remand shortly after the case was commenced, as well as the fact that the remand resulted in an award of benefits, one would have a distorted view of the risks accepted by Attorney Traver. By the time he entered into the contract with Mr. Wattles in 2010, Mr. Traver was well aware that the Commissioner had vigorously opposed the claim for disability. He could reasonably have expected continued resistance and the possibility of years of litigation. Given the history of the case, the actual result would have been hard to imagine, let alone foresee.

The Commissioner is very troubled by the hourly rate. While it is clear that the fee claimed is related to the work done in this case, the Court believes that a fair evaluation must take into consideration a bigger picture. This is not a case where Mr. Wattles made a random selection of a lawyer who performed a few hours of work that paid off significantly. We have a situation wherein Attorney Traver should be given some recognition for all of the work that ultimately benefitted Mr. Wattles. The Court believes that the longevity of representation is relevant to the windfall argument. In the opinion of the Court, this is not just an eight hour case.

When the Court goes beyond simple math and considers the entire picture, it concludes that the requested fee of $20,000 is reasonable and does not represent a windfall. Accordingly, Motion for Approval of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) **(#18)** is **GRANTED**. The attorney fee in the amount of $20,000 is hereby approved.

ENTER this 18th day of January, 2012.

                                                                    s/ DAVID G. BERNTHAL
                                                                     U.S. MAGISTRATE JUDGE